# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JAMIE L. ASH,  )<br>  )<br>        Plaintiff,  )<br>vs.  )<br>  )<br>CAROLYN W. COLVIN,  )<br>Acting Commissioner of Social  )<br>Security Administration,  )<br>  )<br>        Defendant.  ) | NO. CIV-15-1114-HE |

## ORDER

Plaintiff Jamie L. Ash filed this action seeking judicial review of the final decision of defendant Acting Commissioner of the Social Security Administration ("Commissioner"), denying her application for disability insurance and supplemental security income benefits. Consistent with 28 U.S.C. § 636(b)(1)(B), the case was referred to Magistrate Judge Gary M. Purcell, who recommends that the Commissioner's decision be affirmed.

Plaintiff filed her application for disability benefits in January 2013, alleging she became disabled on August 18, 2010. After an Administrative Law Judge ("ALJ") found that plaintiff was not disabled, the Appeals Council denied plaintiff's request for review. The ALJ's decision then became the final decision of the Commissioner.

Plaintiff reurges in her objection all the claimed errors she raised in her appeal. Initially she challenges the magistrate judge's conclusion that the ALJ fulfilled his obligation to develop the record. At the hearing held by the ALJ, plaintiff's attorney stated during his closing argument that, when he was reviewing the administrative record (the "CD"), he did

not see plaintiff's high school records which his computer indicated he had filed. Administrative Record ("TR") at 73. The ALJ confirmed the documents were not in the record and asked counsel if he wanted to add them. When he stated he did, the ALJ said he would be willing to consider the documents and would leave the record open for a week. TR. at 74-75. Counsel then stated the missing records showed that plaintiff had an IQ score of 69 in 2001. *Id.* at 75.

Plaintiff claims the magistrate judge erred by concluding that the "ALJ took adequate steps to develop the record by allowing Plaintiff's counsel to submit further evidence following the hearing." Doc. #23, p. 8. The court agrees with the magistrate judge that, in these circumstances, based on the verbal assurance of plaintiff's attorney that plaintiff's school records would be submitted after the hearing, the ALJ could properly rely on plaintiff's attorney to submit any additional evidence plaintiff wanted the ALJ to consider in support of her application.

The court also agrees with the magistrate judge's analysis of the other errors plaintiff asserts the ALJ made. The ALJ did not err by failing to refer in his decision to the observations of the agency employee who interviewed plaintiff in January 2013, in his analysis of Dr. Morgan's medical opinion,[1] or by determining at step five that plaintiff was not disabled.

---

[1] *Plaintiff states that, while the magistrate judge referred to Doyal v. Barnhart, 331 F.3d 758 (10th Cir. 2003), he "cited an incorrect legal standard." Doc. #24, p. 6. Plaintiff misread the Report and Recommendation. See Doc. #23, p. 11.*

2

Accordingly, having conducted a *de novo* review, the court adopts Magistrate Judge Purcell's Report and Recommendation. The Commissioner's decision is **AFFIRMED**.

**IT IS SO ORDERED**.

Dated this 22nd day of July, 2016.

JOE HEATON
CHIEF U. S. DISTRICT JUDGE